IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY J. WALLACE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 17-1218-JDT-cgc |
| | ) | |
| CHRIS CLEMENTS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On November 22, 2017, Plaintiff Larry J. Wallace filed a *pro se* civil complaint and a motion to proceed *in forma pauperis* while he was incarcerated at the Federal Correctional Institution Low in Forrest City, Arkansas. (ECF Nos. 1 & 2.) The Court subsequently issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) On December 11, 2017, Wallace filed an amended complaint as of right that supersedes the original complaint. (ECF No. 5.)[1] He notified the Court on July 30, 2018, that he had been released to a halfway house. (ECF No. 8.) The Clerk shall record the Defendants as FBI Special Agent Wes Mayes; U.S. Pretrial Services Officer Linda Smith; former Assistant Federal Defender Randolph W. Alden; defense attorneys Bob C. Hooper, William Joshua Morrow and Lee R. Sparks;[2] Chris

---

[1] Except for one or two minor differences, the factual allegations of the amended complaint are the same as those in the original complaint.

[2] Wallace also identifies Hooper, Morrow and Sparks as Federal Defenders. (ECF No. 5

Clements and Mike Leggett of the Dyersburg, Tennessee, Police Department; C. Phillip Bivens, the former District Attorney General for the Twenty-Ninth Judicial District of Tennessee; and Assistant District Attorney Karen Burns. The Defendants are sued in both their individual and official capacities. (ECF No. 5 at PageID 25.)

The allegations in Wallace's amended complaint arise out of a prior prosecution and conviction but are set out only in vague and general terms. His introductory allegations state:

> Petitioner's claims are that in a confluence of circumstances, and through the direct actions of the parties involved; that he has been subjected to a malicious and illegal prosecution that has stemmed from the knowingly improper actions of the respondents.
>
> These actions were clear, and based upon the desires to substantiate steps begun by agents of the Dyersburg P.D., which in turn was supported by the other organs of Government mentioned to validate the actions.
>
> The misrepresentations, and criminal acts caused the incarceration and deprivation of freedom for the Plaintiff, causing actual harm and loss on his behalf.

(*Id.* at PageID 27.)

With regard to the Dyersburg police officers, Defendants Clements and Leggett, Wallace alleges they initiated the case against him based on the "improper and illegal actions of a confidential informant." (*Id.*) These Defendants allegedly "encouraged and provided material support" to the confidential informant to accomplish a sale of narcotics in violation of state law. (*Id.*) Wallace also alleges that Defendants Bivens and Burns, state prosecutors, violated *Brady* rules by not revealing that Clements and Leggett "were complicit in assisting a felon and drug

---

at PageID 24.) However, these three Defendants do not work for the Office of the Federal Defender. They are members of this district's Criminal Justice Act Panel, private attorneys who accept court appointments to represent indigent criminal defendants.

addict in breaking the law . . . to conduct a sting operation." (*Id.* at PageID 28.) Wallace further alleges that Bivens and Burns failed to uphold the professional standards of their positions and that his prosecution was reckless and malicious. (*Id.*)

With regard to Defendant Smith, a U.S. Pretrial Services Officer, Wallace alleges that she knowingly presented false and inaccurate information to the Court "with the direct causer [sic] of prolonging the pre-trial detention of Plaintiff." (*Id.*) Wallace alleges Smith's actions were unprofessional and constituted misrepresentation. (*Id.*) Attorneys Alden, Hooper, Sparks and Morrow allegedly committed malpractice and official misconduct. (*Id.*)

Wallace seeks compensatory damages and any other relief the Court deems appropriate. (*Id.* at Page ID 29.)

By way of background, on December 15, 2014, a federal grand jury in this district returned an indictment against Wallace charging him with four counts of possessing crack cocaine with intent to distribute. *United States v. Wallace*, No. 14-10101-JDB (W.D. Tenn.) (Crim. ECF No. 1). He ultimately entered a guilty plea to count one, pursuant to a written Plea Agreement. *Id.* Tr. Guilty Plea Hr'g (Crim. ECF No. 135); *see also id.* Plea Agreement (Crim. ECF No. 117). Count one was based on the Dyersburg Police Department's use of a confidential informant to purchase crack cocaine from Wallace on April 25, 2013. *Id.* Tr. Guilty Plea Hr'g (Crim. ECF No. 135 at PageID 416-17). The Court sentenced Wallace to seventy months incarceration. *Id.* Min. Entry (Crim. ECF No. 116); *see also id.* J. (Crim. ECF No. 129). His direct appeal was dismissed based on an appeal waiver contained in the written Plea Agreement. *United States v. Wallace*, No. 16-6767 (6th Cir. June 5, 2017).

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "Any complaint that is legally frivolous would

*ipso facto* fail to state a claim upon which relief can be granted." *Id.* (citing *Neitzke*, 490 U.S. at 328-29).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness.

*Id.* at 471 (citations and internal quotation marks omitted).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only

5

would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Wallace's claims against the federal Defendants, Mayes, Smith and Alden, are filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* provides a right of action against federal employees who violate an individual's rights under the United States Constitution. "Under the *Bivens* line of cases, the Supreme Court has recognized a cause of action against federal officials for certain constitutional violations when there are no alternative processes to protect the interests of the plaintiff and no special factors counseling against recognizing the cause of action." *Koubriti v. Convertino*, 593 F.3d 459, 466 (6th Cir. 2010).

The claims against the state and local Defendants, Clements, Leggett, Hooper, Sparks, Morrow, Bivens and Burns, must be deemed brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The complaint contains no factual allegations whatsoever against Defendant Mayes. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Wallace has no valid official-capacity claims against any Defendant. First, any *Bivens* claims against the federal Defendants in their official capacities are barred by sovereign immunity. "Absent a waiver of sovereign immunity, the Federal Government is immune from suit." *Loeffler v. Frank*, 486 U.S. 549, 554 (1988). The United States has not waived its immunity in *Bivens* actions. *FDIC v. Meyer*, 510 U.S. 471, 483-86 (1994); *Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir. 2013). That sovereign immunity also applies to federal officials who are sued in their official capacities. *See Toledo v. Jackson*, 485 F.3d 835, 838 (6th Cir. 2007).

Similarly, Wallace's § 1983 claims against the state prosecutors in their official capacities are deemed claims against the State of Tennessee and also are barred by sovereign immunity. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638

7

(2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Any official-capacity § 1983 claims against the Dyersburg police officers are considered claims against their employer, the City of Dyersburg. When a § 1983 claim is made against a municipality, the court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

A local government "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v.*

*Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). Wallace does not allege that he suffered any injury arising from an unconstitutional policy or custom of the City of Dyersburg.

Wallace also has no valid claims against the Defendants in their individual capacities. With regard to Defendants Alden, Hooper, Sparks and Morrow, who represented Wallace in his criminal proceeding, attorneys do not act under color of state law for purposes of § 1983 or under color of federal law for purposes of *Bivens*, regardless of whether they are court appointed or privately retained. *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981) (public defender does not act under color of state law for purposes of § 1983); *Smith v. Hilltop Basic Res., Inc.*, 99 F. App'x 644, 646 (6th Cir. 2004); *Harmon v. Hamilton Cnty. Court of Common Pleas*, 83 F. App'x 766, 767 (6th Cir. 2003) ("Here, the defendant attorneys did not act under color of state law as privately retained attorneys, although the acts alleged related to state court litigation."); *Pagani-Gallegov. Escobedo*, No. 97-1640, 1998 WL 381562, at *1 (6th Cir. 1998) (court-appointed attorney representing criminal defendant in federal court does not act under color of federal law for *Bivens* purposes); *Bradford v. Shankman*, No. 85-5150, 1985 WL 13659, at *1 (6th Cir. Aug. 12, 1985) (federal defender and a private attorney do not act under color of federal law for purposes of a *Bivens* action).

Moreover, even if his former attorneys could be deemed to have acted under color of law, Wallace's only allegation against them is the bare statement that they committed professional

9

malpractice and official misconduct. (ECF No. 5 at PageID 28.) He does specify any details or allege that the actions of these Defendants violated his constitutional rights. Any claims of legal malpractice would arise under Tennessee law and should have been brought in a state court.

Wallace's claims against Defendant Smith, the Pre-Trial Services Officer, are similarly bare of detail. He alleges only that she engaged in unprofessional conduct and misrepresentation by knowingly presenting inaccurate information to the Court, which prolonged his pre-trial detention. (*Id.* at PageID 29.) However, Wallace does not describe that allegedly inaccurate information. Therefore, he also fails to state a *Bivens* claim against Defendant Smith.

Wallace also has no valid claims against Clements or Leggett for wrongful arrest. A Fourth Amendment claim for false arrest requires an arrest without probable cause. *See, e.g.*, *Parsons v. City of Pontiac*, 533 F.3d 492, 500 (6th Cir. 2008); *Crockett v. Cumberland Coll.*, 316 F.3d 571, 580 (6th Cir. 2003) ("Today it is well established that an arrest without probable cause violates the Fourth Amendment."). Probable cause exists where "'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense." *Crockett*, 316 F.3d at 580 (quoting *Mich. v. DeFillippo*, 443 U.S. 31, 37 (1979)).

In this case, Wallace alleges only that his arrest was wrongful because it was based on the "improper and illegal actions of a confidential informant." (ECF No. 5 at PageID 27.) He does not contend that he did not actually sell illegal narcotics to the confidential informant. Wallace also does not describe the allegedly improper and illegal actions of the informant or explain how

those actions would negate a finding of probable cause for Wallace's arrest. Therefore, he has not sufficiently alleged a lack of probable cause for his arrest.

Wallace also asserts malicious prosecution claims against Defendants Clements, Leggett, Bivens and Burns. In order to succeed on such claims, he must show the following:

> First, . . . that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute. Second, . . . that there was a lack of probable cause for the criminal prosecution. Third, . . . that, as a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty . . . . Fourth, the criminal proceeding must have been resolved in the plaintiff's favor.

*Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) (citations, internal quotation marks and brackets omitted). In this case, Wallace has failed to state a claim for malicious prosecution because he has not sufficiently alleged either a lack of probable cause or that the prosecution was resolved in his favor.[3]

Finally, all of Wallace's claims arising out of his criminal conviction are premature. The Supreme Court has held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's

---

[3] As stated, *see supra* p. 3, Wallace entered a guilty plea in this Court to a charge arising out of the sale of narcotics to the confidential informant.

> action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnotes omitted); *see also Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998) (holding that *Heck* applies to federal prisoners bringing *Bivens* actions). Thus, a prisoner has no cause of action under § 1983 or *Bivens* if the claims in that action hinge on factual proof that would call into question the validity of an order directing his confinement unless and until any prosecution is ended in his favor, an existing conviction is set aside or the confinement is declared illegal. *Heck*, 512 U.S. at 481-82; *Robinson*, 142 F.3d at 906-07; *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). None of these events has occurred in Wallace's case.

For all of the foregoing reasons, Wallace's amended complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless

complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, the Court DISMISSES Wallace's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED.

The Court must also consider whether Wallace should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. A non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). However, Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Wallace would not be taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Wallace files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion for leave to appeal *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Wallace, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE